IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Case No.: 1:21-CR-0279** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LARRY HICKS,** | ) | **OPINION & ORDER** |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Before the Court is Defendant Larry Hicks' Motion for Compassionate Release.  ECF Doc. 85.  In November 2022, Mr. Hicks was sentenced to 30 months in prison for Conspiracy to Commit Access Device Fraud in violation of 18 U.S.C. § 1029(b)(2) and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(1)(a).  ECF Doc. 82.  The Government opposes Hicks' motion.  ECF Doc. 89.  For the following reasons, the Court DENIES Mr. Hicks' Motion for Compassionate Release.

## I.    Background

In April 2021, a grand jury indicted Mr. Hicks and two others in an eleven-count indictment related to a scheme involving the use of stolen and fraudulently opened credit accounts to purchase high-value retail items.  ECF Doc. 1.  Mr. Hicks was a named defendant in Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10.  In April 2022, Mr. Hicks pleaded guilty, pursuant to a plea agreement, to one count of Conspiracy to Commit Access Device Fraud in violation of 18 U.S.C. § 1029(b)(2) and one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1).  ECF Doc. 50.  In November 2022, the Court sentenced Mr. Hicks to 30 months in prison and three years of supervised release.  The Court also imposed a $200.00 special

assessment and ordered Mr. Hicks to pay $33,993.98 in restitution.  ECF Doc. 82.  Mr. Hicks is

imprisoned at FCI Elton, and his expected release date is October 27, 2024.[1]

## II.    Discussion

### A.  Exhaustion

Before a defendant files a motion for compassionate release, he must first request the

Bureau of Prisons ("BOP") to bring a motion for compassionate release on his or her behalf.

18 U.S.C. § 3582(c)(1).  A defendant may file a motion for compassionate release with a court

after:

> [T]he defendant has fully exhausted all administrative rights to appeal a failure
> of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of
> 30 days from the receipt of such a request by the warden of the defendant's facility,
> whichever is earlier . . .

18 U.S.C. § 3582(c)(1)(A).

The Government argues Mr. Hicks failed to exhaust his administrative remedies because

he didn't provide the information necessary for the warden to decide the merits of the

defendant's request, and consequently deprived the Warden of "an opportunity to act on the

request before Defendant [brought] his request to the court."  *United States v. Asmar*, 465

F.Supp.3d 716, 719 (E.D. Mich. 2020).  This Court also found that Mr. Hicks' motion failed to

provide the information required under the statute following the death of his children's caregiver

and ordered him to supplement his motion.  ECF Doc. 86.  But even after the Court ordered Mr.

Hicks to supplement his motion, the information was incomplete.  For example, Mr. Hicks has

shown that his mother was providing care for his daughter and that his mother died.  However,

based on the information he has now provided, it does not appear that Hicks' mother was the

only person who can provide care for his daughter.

---

[1] https://www.bop.gov/inmateloc/ - last checked March 6, 2024.

As explained below, the Court is denying Mr. Hicks' motion for compassionate release on its merits.  However, if Mr. Hicks renews his request, he must provide all of the required information to the BOP *before* filing his motion.  Otherwise, any future motions will be denied as unexhausted.

### B.  Merits

#### 1.  Extraordinary and Compelling Reason

Under 18 U.S.C. § 3582(c)(1)(A)(i), to grant a sentence modification, a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community, and (3) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a).  *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

Mr. Hicks has identified as an "extraordinary and compelling reason" for sentence reduction pursuant to U.S.S.G. § 1B1.13 app. note 1(C)—the death of his mother, who was the primary caregiver for his minor daughter.  While the death or incapacitation of a defendant's child's caregiver may justify a sentence reduction (U.S.S.G. § 1B1.13 app. note 1(C)), a court may find no extraordinary or compelling reason exists where a defendant fails to establish that he is the only caregiver available to his children (*United States v. Livesay*, 3:18- CR-36-DCP-15, 2023 WL 8101845, at *8 (E.D. Tenn. Nov. 21, 2023)) and why other family members could not assist in the caregiving for the children.  *Id.*; *United States v. Lemon*, 4:16- CR-0239, 2021 WL 1060142, at *2 (N.D. Ohio Mar. 18, 2021; *United States v. Mathews*, 2:19- CR-41, 2023 WL 5924411, at *3 (S.D. Ohio Sept. 12, 2023)).

Despite the Court's request for supplemental information to support his motion (ECF Doc. 86), Mr. Hicks has failed to convince the Court that the is the only caregiver available to his

children.  Mr. Hicks' assertion that he is the only caregiver available is seemingly contradicted by his co-parenting agreement with his child's mother and the fact that his sister is currently providing care.  ECF Doc. 88-1.  ECF Doc. 88-2.  Additionally, the 2022 Presentence Report reveals the existence of multiple adult family members who could potentially provide care for the child if necessary.  ECF Doc. 59 at 16.  At the time of his sentencing, neither of Hicks' children were living with him, as he reported only visiting them "close to daily."  While the Court recognizes that defendant's family may experience hardships in his absence, "[i]t is an unfortunate reality that family members commonly experience hardship during a defendant's incarceration and that defendants wish to reunite with them."  *United States v. Munsey-Killian*, No. 2:15-CR-107, 2023 WL 1797902, at *3 (E.D. Tenn. Feb. 7, 2023).  The Court also notes that Mr. Hicks is scheduled to be released in late October.  Thus, the inconvenience caused to his family by his absence should be over soon.  For these reasons, the Court finds Mr. Hicks' family circumstances do not rise to the level of extraordinary and compelling reasons warranting compassionate release.

### 2.  § 3553(a) Factors/Threat to the Community

Even if Mr. Hicks had established an "extraordinary and compelling reason" for a sentence reduction, he would also need to show his release is appropriate considering the sentencing factors listed in 18 U.S.C. § 3553(a).  The statute lists seven factors the Court must weigh, including: the nature and circumstances of the offense as well as the defendant's history and characteristics; the need for the sentence; the types of sentences available; the sentencing range; any pertinent policy statement; the need to avoid sentence disparities among similar defendants; and the need to provide restitution to victims.  18 U.S.C. § 3553(a).  These factors are

initially considered during sentencing and again for purposes of a motion for compassionate release.  18 U.S.C. § 3582(c)(1).

Mr. Hicks pleaded guilty to significant financial crimes in which he victimized both individuals and businesses for his own benefit.  ECF Doc. 50 at 7-8.  Although Mr. Hicks argues he does not pose a risk to the community because he is a nonviolent offender, his 12-year history of financial crimes and fraud, including convictions while on probation, signals an ongoing risk of economic harm to the community.  *See United States v. Broussard*, No. 3:19-CR-29-TAV-DCP, 2020 WL 3442321, at *4 (E.D. Tenn. June 23, 2020) (holding that while the defendant did not pose a physical danger, dangerousness as used in the Bail Reform Act should be given a broader construction than mere danger of harm involving physical violence).  For these reasons, the § 3553(a) factors weigh against granting Mr. Hicks' Motion for Compassionate Release.

### III.    Conclusion

For the foregoing reasons, Mr. Hicks' Motion for Compassionate Release (ECF Doc. 85) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated: March 6, 2024                              *s/Dan Aaron Polster*
                                                  United States District Judge